## CRAYTON *vs.* JOHNSON.

[BILL IN EQUITY TO ENJOIN ACTION AT LAW FOR CONTRIBUTION.]

1. *When equality is equity.*—When parties stand in *æquali jure,* with reference to liabilities arising *ex contractu,* equality of burthen becomes equity. ·

2. *How this equity may be destroyed.*—But, although parties are equally bound to bear the burthen of any loss which may accrue from their joint contract, this equality may be destroyed by the act of one party in superinducing the loss, or by their subsequent contract.

3. *Jurisdiction of equity where remedy at law is plain, adequate, and complete.*—A party cannot come into equity to enjoin an action at law for contribution, when his bill shows that he has a plain, adequate, and complete remedy at law, and he does not ask a discovery.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by William L. Crayton against Thomas D. Johnson, to enjoin an action at law for contribution commenced by said Johnson in the Circuit Court of Chambers, under the following state of facts : Crayton, Johnson, John Dailey, and James H. Bryan, as partners in the " Chickamaugee Land Company", were equally interested in a large quantity of lands lying in (what was originally) Cherokee county, Georgia. The State of Georgia had established a lottery of the Indian lands in said Cherokee county, in which each resident citizen was entitled to a ticket ; and it was provided that the drawer of a lot should not be entitled to take possession of it, if an Indian was residing on it, until after the removal of the Indians by the Government ; " but the sale of lots then in possession of Indians was held lawful and binding between the parties, under the laws of Georgia, the possession of the Indian not being regarded as an adverse possession." Under this lottery, one Norwood drew a certain tract of land, which is particularly described in the bill, and which was afterwards (in 1833 or 1834) sold by him to said land company, and conveyed by deed, for the benefit of the company, either to Crayton individually, or to him and Johnson jointly. This tract of land the company sold to one

Joseph Cavender, in 1835 or 1836 ; the sale being made by said Bryan, who executed to Cavender his individual bond for title ; and the money realized from the sale was divided among the members of the company. "At the time of this sale", as the bill alleges, " Cavender knew that an Indian was in possession of the land, and was also aware of the law which prohibited the issuance of a grant from the State until the Indian was removed; and he made the purchase with a knowledge of these facts." After the sale to Cavender, Johnson purchased the interests of said Dailey and Bryan in said company, and also purchased Crayton's interest some time in 1837 or 1838 ; and by the terms of said purchase, agreed with Crayton that he would obtain grants for all the " ungranted" lands which said company had purchased, whether then sold or unsold, and gave Crayton his written obligation to that effect. On the 17th September, 1838, Crayton and Johnson executed their joint deed to Cavender, with covenants of warranty of title, for said tract of land previously sold to him by said company, and took up said Bryan's bond for title; but the bill does not state whether this was prior or subsequent to Johnson's purchase of Crayton's interest in the company.

The bill further states, that the Indians were all removed from the State of Georgia about the year 1837, and the Indian who resided on said tract of land conveyed to Cavender emigrated before that time ; that on 21st December, 1843, an act was passed by the legislature of the State of Georgia, "giving the drawers of lots in the lottery until the 1st October, 1844, to take out their grants, and providing, on their failure to do so, that the same should be forfeited to the State"; that said Johnson, at any time between the removal of the Indian, in 1837, and said 1st October, 1844, might have procured a grant of said land for Cavender, but he wholly failed to do so, and in consequence thereof said land reverted to the State, and was granted to one William Marten in April, 1845; that said Marten instituted an action in the Superior Court of Walker county, Georgia, for the recovery of said land from the person then in possession, and recovered a judgment for the same in April, 1848 ; that one Benjamin Brock thereupon instituted an action against said Johnson, for a breach

of the warranty of title contained in said deed to Cavender, and recovered a judgment against him, on the 27th August, 1851, for $1,017, besides. costs; that the suit instituted by Johnson against complainant, which is now sought to be enjoined, is brought to recover the amount of one-half of this judgment.

The chancellor dismissed the bill for want of equity, holding that the remedy at law was plain, adequate, and complete; and his decree is now assigned for error.

WHITE & PARSONS, for the appellant:

The contract, under which Johnson sues Crayton at law, is an implied one, arising out of the fact that he has paid money under their joint warranty; while Crayton's claim is founded on Johnson's breach of the contract to grant these lands. This claim is necessarily an action in damages for a breach of that contract, and it is doubtful whether he can make it available at law. "The equitable right to retain must grow out of, or be connected with, the case in which the judgment is vacated; but, if the defendant has another cause of action, in which he will be entitled to recover as much as he retains, he must become the actor in a suit, and have his damages ascertained by a judgment.—Dupuy v. Roebuck, 7 Ala. 484. It is true, the measure of damages in such action would be the amount for which he is now sued at law; and it is equally true, that this recovery would be on a contract growing out of the very case in which he is sued, and founded on the same matter; and where there is a connection between the demands, equity allows a set-off, under particular circumstances.—Story's Equity, § 1434. Wherever there is a trust between two men, on each side, that makes a mutual credit.—Easum v. Cato, 5 B. & Ald. 861.

JAMES E. BELSER, contra, made these points:—

1. Where there is an unembarrassed remedy at law, equity will not interfere.—Caraway v. Wallace, 2 Ala. 542; Barrett v. Manning, 18 Vermont, 365; Loftin v. Espy, 4 Yerger, 84.

2. There is nothing shown in complainant's bill to give equity jurisdiction.—Knotts v. Tarver, 8 Ala. 743; Clark v. Clark, 4 Port. 9; Eubank v. Poe, 3 Dana, 143; Talbot v. Banks, 2 J. J. Marsh. 550.

3. A party cannot come into equity, merely to obtain the benefit of a set-off; but if his claim is susceptible of legal proof, and such as may be set off, his remedy is at law, and not in equity.—Gibbs v. Clagett, 2 Gill & John. 14; Cummins v. White, 4 Blackf. 356.

CHILTON, C. J.—It is an admitted principle of law, that where parties stand in *æquali jure*, with reference to liabilities arising *ex contractu*, equality of burthen becomes equity. 4 Kent, 390, 391, ed. of 1854.

In this case, the parties, being equally bound by the covenants in their joint deed to Cavender, were equally bound to bear the burthen of any loss which might accrue therefrom; but this equality can be destroyed by the act of the party in superinducing the loss, or by their mutual contract subsequently entered into. If the goods of a party are necessarily thrown overboard in order to save the ship, he has the right to have contribution; but if such party occasion the distress by boring a hole in the vessel, he is legally the cause of his own loss, and must suffer it. In the case at bar, by a written contract entered into after the joint conveyance was made to Cavender, Johnson undertook to obtain a grant for the land which they had so conveyed. The bill shows that this was practicable, and his failure to do so resulted either from his negligence, or wilful refusal. The failure to obtain the grant, which Johnson had bound himself to obtain, is the cause of the loss, a portion of which he is seeking to recover from Crayton; and such being the case, he has not even a plausible pretext for instituting his action for contribution.—24 Ala. 285. If the allegations of the bill be true, the complainant has a clear, adequate, and complete remedy at law; and as he comes into equity for relief, and not for discovery merely, the chancellor properly remitted him to his legal defence, by dismissing his bill. By an express provision in the Code, aside from the rule so generally recognized before its adoption, the powers and jurisdiction of courts of chancery do not extend to cases in which a plain and adequate remedy is provided in the other judicial tribunals.—§ 602.

Decree affirmed.